1  NEIL B. DURRANT, ESQ.
   Nevada Bar No. 7324
2  C. ROBERT PETERSON, ESQ.
   Nevada Bar. No. 11680
3  WEIL & DRAGE, APC
4  2500 Anthem Village Drive
   Henderson, NV 89052
5  (702) 314-1905 • Fax (702) 314-1909
   ndurrant@weildrage.com
6  bpeterson@weildrage.com
7  Attorneys for SUN CITY ALIANTE
   COMMUNITY ASSOCIATION

8

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11
   FEDERAL NATIONAL MORTGAGE          Case No.: 2:14-cv-02046-JAD-PAL
12 ASSOCIATION, a government-sponsored
   entity; FEDERAL HOUSING FINANCE    **DEFENDANT SUN CITY ALIANTE**
13 AGENCY, as Conservator of Fannie Mae,  **COMMUNITY ASSOCIATION'S REPLY**
                                         **IN SUPPORT OF ITS MOTION TO**
14              Plaintiffs                       **DISMISS**

15 vs.

16 SFR INVESTMENTS POOL 1, LLC, a
   Nevada Limited Liability Company; SUN
17 CITY ALIANTE COMMUNITY
   ASSOCIATION, a Nevada Non-Profit
18 Corporation; DOES I through X and ROE
   CORPORATIONS I through X, inclusive,
19
                Defendants,
20

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

WEIL & DRAGE
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
2500 Anthem Village Drive
Henderson, NV 89052
Phone: (702) 314-1905
Fax: (702) 314-1909
www.weildrage.com

{00788127;1}                        Page 1 of 7

1
2

## DEFENDANT SUN CITY ALIANTE COMMUNITY ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

3
4
5

Defendant SUN CITY ALIANTE COMMUNITY ASSOCIATION (hereinafter "HOA"), by and through its attorneys or record, Weil & Drage, APC, hereby files its Reply in Support of its Motion to Dismiss.

6
7
8

This Reply is based upon the attached Memorandum of Points and Authorities, all pleadings and papers on file herein and any oral argument this Court will entertain at the hearing on this matter.

9

DATED this 17th day of April, 2015.

10

WEIL & DRAGE, APC

11
12
13

_/s/ C. Robert Peterson, Esq.___
NEIL B. DURRANT, ESQ.

14

Nevada Bar No. 7324
C. ROBERT PETERSON, ESQ.

15

Nevada Bar. No. 11680
2500 Anthem Village Drive

16

Henderson, NV 89052

17
18
19
20
21
22
23
24
25
26
27
28

WEIL & DRAGE
A T T O R N E Y S   A T   L A W
A PROFESSIONAL CORPORATION
2500 Anthem Village Drive
Henderson, NV 89052
Phone: (702) 314-1905
Fax: (702) 314-1909
www.weildrage.com

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.      **ARGUMENT**

     A.      **The provisions of 12 U.S.C. §4617(j)(3) do not apply.**

     Plaintiffs assert that the "property protection" provision in 12 U.S.C. §4617(j)(3) prevented the HOA from selling the Property "without the consent of the Agency." However, Plaintiffs misread and improperly apply said provision. When properly read in the context of 12 U.S.C. §4617 as a whole, the language in subsection (j)(3) does not apply to the HOA's nonjudicial foreclosure of its super priority lien against the Property.

     By reading subsection (j)(3) out of context with the other provisions of 12 U.S.C. §4617(j), Plaintiffs seek to have this Court apply same to a situation never contemplated by Congress. The United States Supreme Court has applied the following: 1) "The plainness or ambiguity of statutory language is determined by reference to the language itself, **the specific context in which that language is used**, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); 2) "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as **the language and design of the statute as a whole**." *Kmart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); and 3) "In determining the meaning of the statute, we look not only to the particular statutory language, but to **the design of the statute as a whole and to its object and policy**." *Crandon v. United States*, 494 U.S. 152, 158 (1990). (emphasis added)

     The heading for subjection (j) of 12 U.S.C. §4617 reads "Other Agency exemptions." The heading for subparagraph 1 of 12 U.S.C. §4617(j) is "Applicability," and said subparagraph reads "[t]he **provisions of this subsection shall apply with respect to the Agency** in any case in which the Agency is acting as a conservator or receiver." (emphasis added) 12 U.S.C. §4502(2) defines the term "Agency" to mean "the Federal Housing Finance Agency established under section 4511 of this title." 12 U.S.C. §4502(20) defines the term "regulated entity" to mean "the Federal National Mortgage Association and any affiliate thereof." Here, as stated within Plaintiffs' own

WEIL & DRAGE
A T T O R N E Y S   A T   L A W
A PROFESSIONAL CORPORATION
2500 Anthem Village Drive
Henderson, NV 89052
Phone: (702) 314-1905
Fax: (702) 314-1909
www.weildrage.com

{00788127;1}            Page 3 of 7

Opposition, Pulte Mortgage, LLC assigned its deed of trust to Fannie Mae (the "regulated entity") and not to FHFA (the "Agency").

Further, 12 U.S.C. §4617(j)(2) is entitled "Taxation," and reads as follows:

> The **Agency, including its franchise, its capital, reserves, and surplus, and its income,** shall be **exempt from all taxation imposed by any State, county, municipality, or local taxing authority**, except that **any real property of the Agency** shall be subject to State, territorial, county, municipal, or local taxing taxation to same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of the value of such property, and the tax thereon, shall be determined as of the period for which such tax is imposed, (emphasis added)

Subparagraph (2) of Section 4617(j) provides the Agency (not Fannie Mae) with an "exemption" **from all taxation** except for real property taxes assessed against "any real property of the Agency." This does not exempt the Agency or any real property of the Agency from claims or liens by a person or entity other than "any State, county, municipality, or local taxing authority." There is absolutely nothing within said subparagraph granting the Agency or its real property any exemption from attachment or foreclosure of an HOA assessment lien.

Subparagraph (4) of Section 4617(j) relates to "Penalties and fines" and states:

> The Agency shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay **any real property, personal property, probate, or recording tax** or any recording or filing fees when due. (emphasis added)

Subparagraph (3) of 12 U.S.C. §4617(j) should be read in the context of the surrounding subparagraphs (2) and (4). Said paragraph states:

> No property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency, (emphasis added)

By taking the language of subsection (j)(3) out of context, Plaintiffs assert that this language exempts the Property from the nonjudicial foreclosure of the assessment lien recorded by the HOA and mandatory mediation or arbitration pursuant to NRS 38.310. However, as Fannie Mae is **not** the Agency, 12 U.S.C. §4617(j)(3) does not apply. Therefore, Plaintiffs' argument fails, as the wrongful foreclosure claim is certainly not based on inapplicable federal law, but instead, subject to NRS 38.310.

WEIL & DRAGE
A T T O R N E Y S   A T   L A W
A PROFESSIONAL CORPORATION
2500 Anthem Village Drive
Henderson, NV 89052
Phone: (702) 314-1905
Fax: (702) 314-1909
www.weildrage.com

**B.** **The wrongful foreclosure claim is improper.**

Wrongful foreclosure is a tort designed to attack the authority behind a foreclosure as opposed to the act of foreclosure itself. *McKnight Family, L.L.P. v. Adept Mgmt.*, 129 Nev. Adv. Op. 64, 310 P.3d 555, 559 (2013). Further, the Nevada Supreme Court has stated that such an action will lie only if "the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have *authorized the foreclosure or exercise of the power of sale.*" *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983)(emphasis added). Consequently, it follows that if the authority of the foreclosure is not being challenged, a wrongful foreclosure claim is improper.

Here, Plaintiffs concede that they "do not challenge Sun City's assessments or Sun City's *authority to place a lien on the Property*." Plaintiffs' Opposition, Pg. 6, Lines 11-12. Therefore, Plaintiffs defeat their own claim. Plaintiffs' wrongful foreclosure claim should be dismissed.

**C.** **The wrongful foreclosure claim does not relate to title.**

In an attempt to save their cause of action and circumvent the clear language of NRS 38.310, Plaintiffs argue that the wrongful foreclosure claim relates specifically to title. Wrongful foreclosure has nothing to do with who holds superior title to the Property. If Plaintiffs wished to quiet title against the HOA, they should have included said claim against the HOA to begin with. Instead, Plaintiffs asserted their quiet title claim against SFR only. However, even if Plaintiffs asserted said claim against the HOA, it fails. The HOA does not make any claim on title to the Property.

///

///

///

///

///

///

WEIL & DRAGE
A T T O R N E Y S   A T   L A W
A PROFESSIONAL CORPORATION
2500 Anthem Village Drive
Henderson, NV 89052
Phone: (702) 314-1905
Fax: (702) 314-1909
www.weildrage.com

{00788127;1}

**II.     CONCLUSION**

For the foregoing reasons, this Court should grant HOA's Motion to Dismiss.

DATED this 17th day of April, 2015.

WEIL & DRAGE, APC


_/s/ C. Robert Peterson, Esq.____
NEIL B. DURRANT, ESQ.
Nevada Bar No. 7324
C. ROBERT PETERSON, ESQ.
Nevada Bar. No. 11680
2500 Anthem Village Drive
Henderson, NV 89052

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 17th day of April, 2015, a true and correct copy of this Substitution of Attorneys was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's efiling system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail:

Dana Jonathon Nitz, Esq.
WRIGHT, FINLAY & ZAK, LLP
5532 S. Fort Apache Road
Las Vegas, NV 89148
Tel: 702-475-7964
Fax: 702-946-1345

Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael Johnson, Esq.
ARNOLD & PORTER LLP
555 12th Street, NW
Washington DC 20004

Leslie Bryan Hart, Esq.
FENNEMORE CRAIG, P.C.
300 East Second Street, Suite 1510
Reno, NV 89501

Jacqueline A. Gilbert, Esq.
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Dr., Suite 110
Henderson, NV 89014

Joseph P. Garin, Esq.
Kaleb D. Anderson, Esq.
Peter E. Dunkley, Esq.
LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144

*/s/ Lisa Robison*
An employee of Weil & Drage, APC

WEIL & DRAGE
A T T O R N E Y S  A T  L A W
A PROFESSIONAL CORPORATION
2500 Anthem Village Drive
Henderson, NV 89052
Phone: (702) 314-1905
Fax: (702) 314-1909
www.weildrage.com