HOWARD C. KIM, ESQ. (SBN 10386)
E-mail: howard@hkimlaw.com
DIANA S. CLINE, ESQ. (SBN 10580)
E-mail: diana@hkimlaw.com
JACQUELINE A. GILBERT, ESQ. (SBN 10593)
E-mail: jackie@hkimlaw.com
JESSE N. PANOFF, ESQ. (SBN 10951)
E-mail: jesse@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile:  (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government-sponsored entity; FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae,<br><br>Plaintiffs,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; SUN CITY ALIANTE COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-02046-JAD-PAL<br><br>**SFR INVESTMENTS POOL 1, LLC's RESPONSE TO PLAINTIFFS' MOTION TO FILE SURREPLY [DKT. NO. 54]** |

### MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

Plaintiffs' Motion to File Surreply [Dkt. No. 54] fails because: (i) SFR's Reply [Dkt. No. 48] did not raise new arguments, (ii) Plaintiffs distort SFR's positions, and (iii) Association's Joinder [Dkt. No. 34] was proper. This Court should deny Plaintiffs' Motion.

### II. LEGAL ARGUMENT

**A.  Surreply Standard**

Under LR 7-2(c), this Court has discretion to allow parties to file surreplies. *FNBN-Rescon I LLC v. Ritter*, No. 2:11–cv–1867–JAD–VCF, 2014 WL 979930, at *6 n.27 (D. Nev.

- 1 -

Mar. 12, 2014). Such discretion is exercised cautiously, allowing surreplies "'[o]nly to address new matters raised in a reply[.]'" *Smith v. United States*, No. 2:13–cv–039–JAD–GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (internal citation omitted). Thus, if a reply does not raise new arguments, then a surreply is improper. *Id.*; *see also Chemence Med. Products, Inc. v. Medline Indus., Inc.*, No. 1:13–cv–500–TWT, 2015 WL 630400, at *5 (N.D. Ga. Feb. 12, 2015) (responsive arguments do not warrant surreply). Additionally, surreplies are inappropriate when a litigant mischaracterizes her opponent's arguments. *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013).

### B.     Plaintiffs Mischaracterize SFR's use of *Ralls*

Plaintiffs believe a surreply is necessary because SFR's Reply cited *Ralls Corp. v. CFIUS*, 758 F.3d 296 (D.C. Cir. 2014). Mot. to File, 2:14-20. According to Plaintiffs, *Ralls* should not have been cited because SFR: (i) used *Ralls* to support a "new" preemption argument and (ii) did not cite *Ralls* in its Motion to Dismiss. *Id.* These propositions are meritless. For starters, SFR used *Ralls* to discuss due process, not preemption. Reply, 2:9, 2:17, 2:22, 3:17, 3:22, 3:28, 4:6, 4:8, 4:11, 4:12, 4:14, 4:17, 4:19, 4:21, 5:1-2, 8:25-26 n.8. The Reply cited *Ralls* sixteen times, appearing on pages 2, 3, 4, 5, and 8; these pages reviewed due process. *Id.* Meanwhile, SFR assessed preemption on pages 11-14, doing so without citing *Ralls*. *Id.* at 11:15-28 – 14:1-28. The Reply, in other words, did not base any preemption argument─"new," old, or otherwise─on *Ralls*. *Id.* Plaintiffs' assertion to the contrary mischaracterizes SFR's arguments, thereby rendering the surreply improper. *Calderon*, 290 F.R.D. at 515; *Shell Co., Ltd. v. Los Frailes Serv. Station, Inc.*, 596 F.Supp.2d 193, 201 n.7 (D. P.R. 2008); *see also Stallings v. Black & Decker Corp.*, 500 F.Supp.2d 1030, 1033 (S.D. Ill. 2007) (mischaracterizing responsive arguments as being "new").

Similarly, it is irrelevant that the Motion to Dismiss did not cite *Ralls*. This is so because courts allow movants to use previously uncited cases when those cases respond to arguments contained in a response brief. *Berndt v. Cleary Bldg. Corp.*, No. 11–cv–791–WMC, 2013 WL 3287599, at *2 (W.D. Wis. Jan. 25, 2013); *Irish v. BNSF Ry., Co.*, No. 08–cv–469–BBC, 2010 WL 4293578 at, *1 (W.D. Wis. Oct. 21, 2010); *Uche v. Montgomery Hospice, Inc.*, No. 13–cv–

00878–ELH, 2014 WL 5113588, at *7 (D. Md. Oct. 10, 2014) (motion to strike reply because of newly cited case described as being "baseless"). A contrary understanding would trigger endless briefing, with parties filing surreplies every time an opponent cites a new case. *Id.* Here, SFR used *Ralls* in response to Plaintiffs' mistaken belief that "[S]FR's rights are too contingent to implicate due process. Resp., 8:15-28 – 11:1-3." Reply, 4:3-4. As can be seen, SFR provided pinpoint citations to Plaintiffs' Response, identifying where Plaintiffs inaccurately depicted SFR's rights as being too contingent. *Id.* The Reply emphasized that "[t]he D.C. Circuit recently rejected a similar argument, made in a case [*Ralls*] involving the interplay between Oregon property law and the Defense Production Act[.]" *Id.* at 4:4-6. Consequently, it is irrelevant that SFR did not cite *Ralls* in the Motion to Dismiss because *Ralls* responded to an erroneous legal position contained in Plaintiffs' Response. A surreply is not justified.

### C. SFR's Preemption Arguments are not "New"

Unsatisfied with mischaracterizing SFR's use of *Ralls*, Plaintiffs go one step further and distort SFR's preemption contentions. Mot. to File, 2:15-18. Plaintiffs insist that the Reply impermissibly raised the following "new" argument: 12 U.S.C. § 4617(j)(3) does not automatically preempt Nevada law because the Federal Housing Finance Agency ("FHFA") can "consent" to extinguishment. *Id.* Yet, if a movant makes arguments that *respond* to positions in an opposition brief, then such arguments are not "new," they are *responsive*. *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000); *Chemence*, 2015 WL 630400, at *5; *Hill v. Xerox Corp.*, No. 12–cv-0717–JCC, 2014 WL 3396098, at *5 (W.D. Wash. July 10, 2014); *Stallings*, 500 F.Supp.2d at 1033; *Endurance Am. Specialty Ins. Co. v. WFP Sec. Corp.*, No. 11–cv–2611–JAH–KSC, 2012 WL 7808097, at *5 (S.D. Cal. Sept. 28, 2012). After all, the very nature of motion practice contemplates and allows *responsive* arguments, critical aspects of a movant's ability to have the "last word" on an issue. *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01–cv–1397–JAS, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003); *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09–cv–3690–RMD, 2015 WL 753946, at *12 (N.D. Ill. Feb. 20, 2015) (surreply unnecessary when each brief responds to preceding arguments). In short, *responsive* arguments do not necessitate surreplies.

- 3 -

*Bayway*, 215 F.3d at 226-27; *Chemence*, 2015 WL 630400, at *5; *Hill*, 2014 WL 3396098, at *5; *Stallings*, 500 F.Supp.2d at 1033; *Endurance*, 2012 WL 7808097, at *5. Here, Plaintiffs' Response provided a cursory treatment of preemption, opining that 4617(j)(3) displaced Nevada law because 4617(j)(3) "automatically bars" extinguishment. Resp., 4:20. In *response*, SFR revealed that Plaintiffs had misquoted 4617(j)(3) by deleting the phrase "without the consent of the Agency," an "inauspicious move" that also occurs in the Surreply. Reply, 12:2-3; *see also* Mot. to File, Ex. A, 3:5 (inaccurately quoting 4617(j)(3)). As the Reply stressed, this phrase defeated Plaintiffs' express and implied preemption contentions; the phrase disproved Plaintiffs' argument that 4617(j)(3) "automatically bars" extinguishment. Reply, 12:1-23 – 14:1-28. At bottom, SFR's observation that 4617(j)(3) does not expressly or impliedly preempt Nevada law was a *responsive* argument, insufficient to warrant a surreply.

Likewise, it is immaterial that the Motion to Dismiss did not discuss preemption. This is so because courts do not require motions to anticipate or make an adversary's arguments. *Hill*, 2014 WL 3396098, at *5; *In re Large Scale Biology Corp.*, No. 06–cv–20046–MSM, 2007 WL 2859782, at *1 (Bankr. E.D. Cal. Sept. 25, 2007); *Wokas v. Dresser Indus., Inc.*, 978 F.Supp. 839, 844 n.2 (N.D. Ind. 1997). A movant is not, therefore, prohibited from submitting *responsive* positions that react to an opposition's insights. *Id.* Here, SFR anticipated some of Plaintiffs' arguments, such as Plaintiffs' reliance on 4617(f) and 12 U.S.C. § 1825(b)(2) interpretive precedent. Mot. to Dismiss, 8:20, 10:27-28 – 11:1. That SFR did not predict *all* of Plaintiffs' suppositions does not preclude SFR from offering *responsive* arguments, even on the topic of preemption. *Hill*, 2014 WL 3396098, at *5; *In re Large Scale Biology Corp.*, 2007 WL 2859782, at *1. Besides, preemption is an argument for Plaintiffs to make and for SFR to refute. The adversarial process demands nothing more, and to hold otherwise would be to make reply briefs obsolete. *Calderon*, 290 F.R.D. at 515; *In re Large Scale Biology Corp.*, 2007 WL 2859782, at *1; *Wokas*, 978 F.Supp. at 844 n.2. Ultimately, SFR's preemption arguments are not "new."

### D.   The Surreply Distorts SFR's Preemption Positions

Sadly, Plaintiffs' Surreply manufactures an argument about preemption that SFR did not make. Mot. to File, Ex. A, 2:27. According to the Surreply, SFR opined that FHFA's ability to

consent to extinguishment is a "contingency," which "indefinitely delays" preemption until FHFA decides not to consent. *Id.* No such argument was made; if anything, Plaintiffs have inaccurately combined SFR's due process and preemption positions. Consider the Reply used the words "contingency" or "contingent" seven times, appearing on pages 4 and 5. Reply, 4:3, 4:14, 4:15, 4:18, 4:27, 5:1, 5:2. These pages dealt with due process, and explained that SFR's state-recognized property rights are not too contingent to implicate due process. *Id.* at 4:1-28 – 5:1-4. Contrastingly, SFR discussed preemption on pages 11 through 14, a discussion bereft of "contingency" or "contingent." *Id.* at 11:15-28 – 14:1-28. Instead, SFR revealed how 4617(j)(3)'s phrase "without the consent of the Agency"─a phrase Plaintiffs' Response and surreply erased─disproves express and implied preemption. *Id.* at 12:2-23 - 14:1; *see also* Resp., 4:17-18 (misquoting 4617(j)(3)); Mot. to File, Ex. A, 3:5 (inaccurately quoting 4617(j)(3)).

Briefly, Plaintiffs not only distort SFR's preemption positions, but they also tell this Court that it "[i]s not free to rewrite the statute's text." Mot. to File, Ex. A, 3:14. And yet, nine lines before uttering this statement, Plaintiffs "rewrite" 4617(j)(3) by deleting the phrase "without the consent of the Agency" from that law, just as they did in their Response. *Id.* at 3:5; Resp., 4:17-18. Apparently, though this Court cannot "rewrite" 4617(j)(3), no similar limitation constricts Plaintiffs. This inconsistency is further proof that a surreply is unwarranted. *Shell*, 596 F.Supp.2d at 201 n.7. All told, the Surreply distorts SFR's preemption positions.

### E.   *Bollow* is Inapposite

Plaintiffs' Surreply expands the Response's cursory treatment of preemption, hoping to convince this Court 4617(j)(3) "automatically" preempts Nevada law. Mot. to File, Ex. A, 2:8-27 – 4:1-22. But surreplies cannot expand a party's positions. *Anthony v. Alabama Legislative Reference Serv.*, No. 2:13–cv–449–MHT, 2014 WL 5112059, at *1 n.1 (M.D. Ala. Sept. 29, 2014); *Hall v. Whitacre*, No. 06–cv–1240–JTM, 2007 WL 1585960, at *1 (D. Kan. May 31, 2007); *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F.Supp.2d 1336, 1340 (N.D. Ga. 1999). Besides, Plaintiffs' discussion about "automatic preemption" fails because it cites an inapposite case, *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093 (9th Cir. 1981). Mot. to File, Ex. A, 4:13. Plaintiffs believe *Bollow* indicates that FHFA's ability to consent does not change

4617(j)(3)'s "[a]utomatic preemption[.]" *Id.* at 4:11-22. *Bollow* does no such thing. *Bollow* involved a conflict between state-recognized rights and 12 U.S.C. § 341, Fifth. *Bollow*, 650 F.2d at 1098. Hence, state-recognized rights were preempted because they conflicted with Congress's intent. *Id.* at 1097-98. No such conflict, however, exists in this case. Here, 4617(j)(3)─which conveys Congress's intent─allows FHFA to consent to extinguishment. 12 U.S.C. § 4617(j)(3); Reply, 12:11-13, 13:14-27; Resp. 2:23-24, 3:12-14, 4:10-12, 9:4-6, 17:3-4. SFR's state-recognized right to free and clear title is, therefore, not contrary to Congress's intent. Thus, this state-recognized right escapes preemption because it does not conflict with Congress's intent. *Bollow* is inapposite.

### F. Plaintiffs Mishandle *Ralls*

Plaintiffs claim their Surreply discusses how SFR's allegedly "new" preemption position used *Ralls*. Mot. to File, 2:14-20. Yet, the Surreply's treatment of *Ralls* is fixated on due process. Mot. to File, Ex. A, 3:20-28 – 4:1-10. This discrepancy between Plaintiffs' Motion and Surreply─along with Special Order 109(III)(F)(4) and SFR's ability to have the "last word"─necessitates a motion to strike, which SFR will file forthwith. The Motion to Strike refutes Plaintiffs' mishandling of *Ralls*' due process observations.

### G. Association's Joinder is Proper

Joinders are "common practice," allowing a defendant to apply a co-defendant's arguments to her own interests. *Westby v. Lincoln Prop. Co.*, No. 5:14–cv–01800–BLF, 2014 WL 2769068, at *2 n.3 (N.D. Cal. June 18, 2014); *S. Edge LLC v. JPMorgan Chase Bank, N.A.*, No. 2:11–cv–00240–PMP–RJJ, 2011 WL 1626567, at *8 (D. Nev. Apr. 28, 2011); *Lincoln Gen. Ins. Co. v. Gateway Sec. Services, Inc.*, No. 1:06–cv–01143–OWW–SMS, 2007 WL 3203020, at *5 n.1 (E.D. Cal. Oct. 29, 2007). Here, SFR's Motion to Dismiss identified Association's right to foreclose and extinguish the DOT, sometimes doing so by referencing the Complaint. Mot. to Dismiss, 2:2-3, 3:12-13, 9:26-27 (lien priority), 10:8-9, 11:13-19 (lien attachment). Association partially joined SFR's Motion to Dismiss. Joinder, 2:1-4. Hence, the Joinder applied SFR's due process arguments to Association's right to foreclose and extinguish the DOT. *Westby*, 2014 WL 2769068, at *2 n.3; *S. Edge LLC*, 2011 WL 1626567, at *8; *Lincoln Gen.*, 2007 WL 3203020, at

\*5 n.1. Additionally, Association not only joined SFR's Motion, but it also distinguished its Joinder's scope by excluding lines 21 through 23 from page ten of SFR's Motion. Joinder, 2:3-4. After Association filed its Joinder, Plaintiffs had an opportunity to contest the applicability of SFR's due process arguments to Association's right. [Dkt. No. 42]. Such an opportunity was squandered in a footnote to Plaintiffs' Opposition to Association's Motion to Dismiss. *Id.* at 3-4 n.2. The footnote stated that the arguments in Plaintiffs' Opposition to SFR's Motion to Dismiss "[a]pply equally to [Association's] joinder to SFR's arguments as they do to SFR's arguments themselves." *Id.* But Plaintiffs' Opposition to SFR's Motion to Dismiss did not address the Joinder's application of SFR's due process arguments to Association's right; such silence is a concession. Reply, 18:27-28 – 19:1-2 (internal citations and quotations omitted). As such, Plaintiffs' concerns about needing to respond to an avowedly "new" argument are erroneous, belying a misunderstanding about how joinders work.

Furthermore, the Surreply inappropriately discusses a supposed "mischaracterization" of Plaintiffs' position on lien priority; clarifications of mischaracterizations do not belong in surreplies. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003); *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D. D.C. 2001). The Surreply's assessment of Association's Joinder also fails because it lacks supporting legal authority. *Kaiser Found. Hospitals v. Sebelius*, 649 F.3d 1153, 1157 n.2 (9th Cir. 2011). In the end, Association's Joinder is proper.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to File Surreply.

RESPECTFULLY SUBMITTED this __5th__ day of May, 2015.

**HOWARD KIM & ASSOCIATES**

*/s/Jesse N. Panoff*_____
HOWARD C. KIM, ESQ. (SBN 10386)
JACQUELINE A. GILBERT, ESQ. (SBN 10593)
DIANA S. CLINE, ESQ. (SBN 10580)
JESSE N. PANOFF, ESQ. (SBN 10951)
*Attorneys for SFR Investments Pool I, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May, 2015, pursuant to FRCP 5, I served via the CM/ECF filing system, the foregoing Response, to the following parties.

Asim Varma, Esq.
Asim_Varma@aporter.com
Howard Cayne, Esq.
Howard.Cayne@aporter.com
Michael A.F. Johnson, Esq.
michael.johnson@aporter.com
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
*Attorneys for Federal Housing Finance Agency*

Leslie Bryan Hart, Esq.
lhart@fclaw.com
John D. Tennert, Esq.
jtennert@fclaw.com
FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, Nevada 89501
*Attorneys for Federal Housing Finance Agency*

Dana Jonathon Nitz, Esq.
dnitz@wrightlegal.net
Ryan T. O'Malley, Esq.
romalley@wrightlegal.net
WRIGHT, FINLAY & ZAK, LLP
5532 S. Ft. Apache Rd., Suite 110
Las Vegas, Nevada 89148
*Attorneys for Federal National Mortgage Association*

Neil B. Durrant, Esq.
ndurrant@weildrage.com
WEIL & DRAGE, APC
2500 Anthem Village Drive
Henderson, NV 89052
*Attorney for Sun City Aliante Community Association*

/s/Jesse N. Panoff_____
An Employee of Howard Kim & Associates