HOWARD C. KIM, ESQ. (SBN 10386)
E-mail: howard@hkimlaw.com
DIANA S. CLINE, ESQ. (SBN 10580)
E-mail: diana@hkimlaw.com
JACQUELINE A. GILBERT, ESQ. (SBN 10593)
E-mail: jackie@hkimlaw.com
JESSE N. PANOFF, ESQ. (SBN 10951)
E-mail: jesse@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile:  (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government-sponsored entity; FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae,<br><br>Plaintiffs,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; SUN CITY ALIANTE COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-02046-JAD-PAL<br><br>**SFR INVESTMENTS POOL 1, LLC's MOTION TO STRIKE PLAINTIFFS' "PROPOSED" SURREPLY [DKT. NO. 54-1]** |

**MEMORANDUM OF POINTS & AUTHORITIES**

Pursuant to this Court's inherent authority, Special Order 109(III)(K), and Special Order 109(III)(F)(4), SFR Investments Pool I, LLC ("SFR") files this Motion to Strike. It is based upon the attached memorandum of points and authorities and the filed pleadings and papers.

### I.  INTRODUCTION

This Court should strike Plaintiffs' "Proposed" Surreply [Dkt. No. 54-1] because it: (i) is inconsistent with Plaintiffs' Motion to File Surreply [Dkt. No. 54], (ii) was improperly filed, and (iii) seeks to have the "last word" on due process.

/ / /

## II. FACTS

Plaintiffs filed their Complaint [Dkt. No. 1] on December 5, 2014, prompting SFR to seek dismissal. [Dkt. No. 32]. Plaintiffs responded [Dkt. No. 41], and SFR replied. [Dkt. No. 48]. Eighteen days after SFR's Reply, Plaintiffs filed a Motion to File Surreply. [Dkt. No. 54]. A "proposed" surreply was filed as "Exhibit A." [Dkt. No. 54-1].

## III. LEGAL ARGUMENT

SFR's Response to Plaintiffs' Motion to File Surreply could not have asked this Court to strike the Surreply because Special Order 109(III)(F)(4) requires "[a] separate document must be filed for each type of . . . purpose." *CFTC v. Banc de Binary, Ltd.*, No. 2:13–cv–992–MMD–VCF, 2015 WL 556441, at *5 (D. Nev. Feb. 11, 2015) (request to modify scheduling order could not be made in motion for protective order). Thus, the instant Motion follows 109(III)(F)(4).

### A. Motion to Strike Standard

Courts have inherent authority to strike surreplies. *Mitchell v. Cox*, No. 2:12–cv–02082–RFB–CWH, 2015 WL 871228, at *9 (D. Nev. Mar. 2, 2015); *Kapetan v. Cox*, No. 3:13–cv–00171–MMD–VPC, 2014 WL 5469335, at *12 (D. Nev. Oct. 28, 2014) (discussing inherent authority to strike filings). Special Order 109(III)(K) also subjects non-compliant documents "[t]o being stricken." Surreplies are stricken when they are misleading, filed before obtaining leave of court, rehash arguments, or seek to have the "last word" on an issue. *Queensridge Towers LLC v. Allianz Global Risks U.S. Ins. Co.*, No. 2:13–cr–197–JCM–PAL, 2015 WL 1403479, at *2 (D. Nev. Mar. 26, 2015); *Sobel v. Hertz Corp.*, No. 3:06–cv–00545–LRH–RAM, 2013 WL 5202027, at *8 (D. Nev. Sept. 13, 2013); *Crummey v. Soc. Sec. Admin.*, 794 F.Supp.2d 46, 63 (D. D.C. 2011); *Shell Co., Ltd. v. Los Frailes Serv. Station, Inc.*, 596 F.Supp.2d 193, 201 n.7 (D. P.R. 2008).

### B. The Surreply is Misleading

As just mentioned, if a surreply is misleading, then it is stricken. *Shell*, 596 F.Supp.2d at 201 n.7 (surreply that party filed was different from surreply attached to motion for leave); *Foster v. Ashcroft*, No. 05–cv–1734–RBK, 2006 WL 1995305, at *3 (D. N.J. July 14, 2006) (surreplies cannot be used to "rectify a woefully inadequate" brief); *see also Anthony v. Alabama*

*Legislative Reference Serv.*, No. 2:13–cv–449–MHT, 2014 WL 5112059, at *1 n.1 (M.D. Ala. Sept. 29, 2014) (motion to file surreply denied because it was a "[t]hinly-veiled attempt to present a more thorough response[.]"). Surreplies are misleading when there are discrepancies between a party's description of her surreply and the surreply's actual contents. *Shell*, 596 F.Supp.2d at 201 n.7; *Foster*, 2006 WL 1995305, at *3; *see also Anthony*, 2014 WL 5112059, at *1 n.1 (movant misrepresented surreply's contents).

Here, Plaintiffs described their Surreply as responding to "new" arguments about preemption. Mot. to File, 2:14-20. Yet, instead of emphasizing preemption, the Surreply spends considerable time rehashing due process arguments from Plaintiffs' Response. *Compare* Resp., 7:27-28 – 11:1-3 (Plaintiffs' contention that SFR does not have a property right), *with* Mot. to File, Ex. A, 3:20-28 – 4:1-10 (Plaintiffs' position that SFR lacks a property right). Not only is this at odds with Plaintiffs' description of the Surreply, Mot. to File, 2:14-27, but it is also inappropriate because surreplies cannot rehash arguments. *Crummey*, 794 F.Supp.2d at 63; *Garrison v. Ne. Georgia Med. Ctr., Inc.*, 66 F.Supp.2d 1336, 1340 (N.D. Ga. 1999); *see also Minter v. Wells Fargo Bank, N.A.*, 279 F.R.D. 320, 322 n.1 (D. Md. 2012) (motion to file surreply denied because proposed surreply rehashed arguments); *Dudley v. United States*, No. 09–cv-4024–LLP, 2012 WL 215305, at *2 (D. S.D. Jan. 24, 2012) (surreply reiterated arguments). Also, Plaintiffs claim their Surreply reacts to "new" positions about Association's due process deprivations. Mot. to File, 2:21-22. After briefly addressing this issue, the Surreply delves into a perceived "mischaracterization" of Plaintiffs' lien priority contentions, a topic Plaintiffs' Motion did not mention. Mot. to File, Ex. A, 5:6-12. Unfortunately for Plaintiffs, surreplies cannot be used to clarify "mischaracterizations," otherwise briefing would never end. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003); *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D. D.C. 2001). At bottom, the Surreply should be stricken because it is misleading.

**C.     The Surreply was Impermissibly Filed**

In addition to being misleading, the Surreply was impermissibly filed because it had not been "[o]therwise ordered by the Court[.]" LR 7-2(c). Indeed, courts strike surreplies when they are filed without leave of court, doing so even if a surreply is an exhibit to a motion. *Harris v.*

- 3 -

*Rios*, No. 1:09–cv–00781–MJS–PC, 2014 WL 1247082, at *1 (E.D. Cal. Mar. 25, 2014); *Millenium 3 Technologies v. Arinc, Inc.*, No. 08–cv–1257–PHX–JAT, 2008 WL 4737887, at *2 (D. Ariz. Oct. 29, 2008). A case's record should not include an unauthorized filing, least of all when it contravenes motion practice's traditional sequencing, drains judicial resources, and escalates litigation. *Smith v. United States*, No. 2:13–cv–039–JAD–GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (surreplies filed to obtain last word); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01–cv–1397–JAS, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003). Here, Plaintiffs' Motion asked this Court for permission to file a surreply; the Motion described─albeit inaccurately─the Surreply's contents. Mot. to File, 2:14-27. But instead of waiting for this Court's ruling, Plaintiffs filed their Surreply as an exhibit to their Motion, a move that contravened motion practice's sequencing, drained judicial resources, and escalated litigation. Ultimately, the Surreply should be stricken because it was impermissibly filed.

### D. Plaintiffs want the "Last Word" on Due Process

Plaintiffs' impermissibly-filed Surreply attempts to have the "last word" on due process, a tactic courts reject. *Smith*, 2014 WL 1301357, at *5. Motion practice begins with a motion, continues with a response, and ends with a reply; this progression gives movants the "last word." *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09–cv–3690–RMD, 2015 WL 753946, at *12 (N.D. Ill. Feb. 20, 2015); *Racetrac*, 2003 WL 251318, at *18. Surreplies target this sequence, hoping to prevent the movant from having the "last word." *Id.*; *see also Avery v. Barsky*, No. 3:12–cv–00652–MMD–WGC, 2013 WL 1663612, at *2 (D. Nev. Apr. 17, 2013) (courts disfavor surreplies because they typically try to have the "last word"). Here, Plaintiffs' Surreply not only tries to have the "last word" on due process, but it also attempts to extend Plaintiffs' baseless ramblings about why─in their incorrect estimation─SFR lacks a property right. Mot. to File, Ex. A, 2:23-27 – 4:1-22. The Surreply does so by misunderstanding *Ralls Corp. v. CFIUS*, 758 F.3d 296 (D.C. Cir. 2014), and citing a distinguishable case, *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093 (9th Cir. 1981). *Id.* at 3:20-28 – 4:1-22.

According to Plaintiffs, *Ralls* does not support SFR's due process arguments because "[i]t was undisputed that the [appellant]" in *Ralls* obtained property rights under state law. *Id.* at

3:21-22. Yet, in this case it is also undisputed that *under Nevada law*, SFR obtained property rights. Resp., 2:9-14, 5:2-3, 10:22-23, 10:24-27 n.4. Next, Plaintiffs believe *Ralls* determined that a federal law imposed a "potential qualification" on the appellant's state-recognized rights. Mot. to File, Ex. A, 3:28. *Ralls*, however, did the opposite by concluding there was no "contingency built into the *state* law from which Ralls's property interests derive and to which interests due process protections traditionally apply." *Ralls*, 758 F.3d at 316-17. Finally, Plaintiffs suggest that if the President in *Ralls* "[h]ad taken no action[,]" then the appellant would have continued to enjoy its state-recognized rights. Mot. to File, Ex. A, 4:1-2. This assertion is self-defeating─if the President "[h]ad taken no action[]" to nullify the appellant's rights, then it is more than safe to say that the appellant would have continued to enjoy its rights. The same holds here; if FHFA "[h]ad taken no action[]" to nullify SFR's rights, then SFR would have continued to enjoy its state-recognized rights. Suffice it to say, FHFA "took action," first by deciding not to consent to extinguishment and then by suing SFR in the instant lawsuit.

As for *Bollow*, that case is distinguishable because it involved: (i) "new property,"[1] (ii) a federal statute that simultaneously created rights and a government actor's power to terminate those rights,[2] (iii) the federal employment context,[3] (iv) a relationship between a federal employer and federal employee,[4] and (v) procedural protections.[5] Contrastingly, this case implicates: (i) "old property," (ii) state law recognizes SFR's rights while FHFA's power to negate those rights stem from federal law, (iii) a non-employment context, (iv) a transaction between one private entity (Association) and another private entity (SFR), and (v) 12 U.S.C. § 4617(j)(3) lacks a process to request consent and a post-deprivation remedy. *Bollow*, therefore, is distinguishable. In the end, the Surreply should be stricken because it is an improper attempt for Plaintiffs to have the "last word" on due process.

---

[1] *Bollow*, 650 F.2d at 1097-98 (addressing "process" and "tenure" rights in preemption analysis); 1098 (describing "employment" as a "governmental benefit" for purposes of due process).
[2] *Id.* at 1097 (citing with approval *Armano v. Fed. Reserve Bank of Boston*, 468 F.Supp. 674 (D. Mass. 1979)).
[3] *Id.* at 1096.
[4] *Id.* at 1098, 1100.
[5] *Id.* at 1096.

- 5 -

## IV. CONCLUSION

For the foregoing reasons, this Court should strike Plaintiffs' Surreply.

RESPECTFULLY SUBMITTED this __5th__ day of May, 2015.

**HOWARD KIM & ASSOCIATES**

*/s/Jesse N. Panoff*_____
HOWARD C. KIM, ESQ. (SBN 10386)
JACQUELINE A. GILBERT, ESQ. (SBN 10593)
DIANA S. CLINE, ESQ. (SBN 10580)
JESSE N. PANOFF, ESQ. (SBN 10951)
*Attorneys for SFR Investments Pool I, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of May, 2015, pursuant to FRCP 5, I served via the CM/ECF filing system, the foregoing Motion, to the following parties.

Asim Varma, Esq.
Asim_Varma@aporter.com
Howard Cayne, Esq.
Howard.Cayne@aporter.com
Michael A.F. Johnson, Esq.
michael.johnson@aporter.com
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
*Attorneys for Federal Housing Finance Agency*

Leslie Bryan Hart, Esq.
lhart@fclaw.com
John D. Tennert, Esq.
jtennert@fclaw.com
FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, Nevada 89501
*Attorneys for Federal Housing Finance Agency*

Dana Jonathon Nitz, Esq.
dnitz@wrightlegal.net
Ryan T. O'Malley, Esq.
romalley@wrightlegal.net
WRIGHT, FINLAY & ZAK, LLP
5532 S. Ft. Apache Rd., Suite 110
Las Vegas, Nevada 89148
*Attorneys for Federal National Mortgage Association*

Neil B. Durrant, Esq.
ndurrant@weildrage.com
WEIL & DRAGE, APC
2500 Anthem Village Drive
Henderson, NV 89052
*Attorney for Sun City Aliante Community Association*

　　　　　　　　　　　　　　　　　　*/s/Jesse N. Panoff*_____
　　　　　　　　　　　　　　　　　　An Employee of Howard Kim & Associates