Dana Jonathon Nitz, Esq. (SBN 0050)
Chelsea A. Crowton, Esq. (SBN 11547)
WRIGHT, FINLAY & ZAK, LLP
5532 South Fort Apache Road, Suite 110
Las Vegas, Nevada 89148
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net; ccrowton@wrightlegal.net
*Attorneys for Plaintiff Federal National Mortgage Association*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
Asim.Varma@aporter.com; Howard.Cayne@aporter.com
Michael.Johnson@aporter.com

*Attorneys for Plaintiff Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government-sponsored entity; FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae,<br><br>                     Plaintiffs,<br>    vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; SUN CITY ALIANTE COMMUNITY ASSOCIATION; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                     Defendants. | Case No.: 2:14-cv-02046-JAD-PAL<br><br>**PLAINTIFFS' NOTICE OF NEW AUTHORITIES** |

1   Plaintiffs respectfully notify the Court of four recent decisions by another court in this District that support their brief in opposition to Defendant SFR Investment Pool 1, LLC's motion to dismiss in this case (Dkt. Nos. 32, 41.)

In the four recent decisions, Chief Judge Navarro resolved in favor of FHFA, Freddie Mac, and Fannie Mae all of the principal issues that are presented in the pending motion to dismiss in this case. *See Skylights v. Byron*, No. 2:15-cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015); *Elmer v. Fed. Home Loan Mortg. Corp.,* No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 13, 2015); *Premier One Holdings, Inc. v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 13, 2015); *Williston Investment Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 13, 2015).  The *Skylights* decision, issued first, addressed and resolved virtually all of the issues presented in this case, while the latter three opinions applied the court's reasoning in *Skylights* to circumstances where, prior to the relevant HOA sale, the Enterprise had ownership of the loan and deed of trust but had not yet been formally assigned the deed of trust in a recorded instrument.

*First*, Chief Judge Navarro held that the Federal Foreclosure Bar expressly preempts the application of the State Foreclosure Statute under materially the same facts as in this case.  *See Skylights*, 2015 WL 3887061, at *6; Pls.' Opp. at 4-5.  In applying the Federal Foreclosure Bar in *Skylights*, the court ruled that all of the "adverse actions" prohibited by the Bar "could otherwise be imposed on FHFA's property under state law.  Accordingly, Congress's creation of these protections clearly manifests its intent to displace state law." *Skylights*, 2015 WL 3887061, at *6.  This ruling directly rejects SFR's contrary argument.  *See* Reply at 12.

*Second*, Chief Judge Navarro rejected the contention, also advanced by SFR here, that the application of the Federal Foreclosure Bar deprives purchasers at HOA sales of property without due process.  *See Skylights*, 2015 WL 3887061, at *6-7 & n.4; MTD at 4-9, Reply at 1-11.  That is because "the protections of 12 U.S.C. § 4617(j)(3) were already in effect at the time of sales," so the entities who purchased properties at the HOA foreclosure sales "all purchased real property subject to FHFA's lienhold interest." *Id.* at *7 n.4.

10664743.1

*Third*, Chief Judge Navarro considered purchasers' reliance on *FDIC v. McFarland*, 243 F.3d 876 (5th Cir.2001), for the principle that the Federal Foreclosure Bar protects the Enterprises only from actions taken by governmental taxing authorities, not private entities—a contention that SFR also makes here. *See* MTD at 10-11; Reply at 17-18. The court rejected that contention, holding that "both the plain language of subsection 4617(j)(3) and the structure of section 4617(j) lead … to the conclusion that FHFA's exemption from foreclosures without its consent applies to private entities as well as state and local taxing authorities." *Skylights*, 2015 WL 3887061, at *8. In so holding, Chief Judge Navarro (1) concluded that the *McFarland* analysis rested on features of 12 U.S.C. § 1825(b)(2) that were not relevant to the Federal Foreclosure Bar; (2) pointed out the many courts that implicitly disagreed with *McFarland*; and (3) noted that *Monrad v. FDIC*, 62 F.3d 1169 (9th Cir.1995), suggests that *McFarland* was incorrectly decided. *See Skylights*, 2015 WL 3887061, at *8-9 & n.6.

*Fourth*, Chief Judge Navarro's rulings confirm that application of the Federal Foreclosure Bar to protect the Enterprises' property against involuntary extinguishment in HOA sales is within the statutory powers of the Conservator to "preserve and conserve the assets and property of Fannie Mae." *Id.* at *11 (quoting 12 U.S.C. § 4617(b)(2)(D)(ii)). Relatedly, Chief Judge Navarro held that FHFA's litigation position does not contradict the Enterprises' servicing guides, which "do[] not carry the force of law and cannot trump congressional legislation." *Id.* at *9. Thus, the court found unpersuasive the same arguments that SFR makes here. *See* MTD at 9-10; Reply at 15-17.

*Fifth*, the decisions rejected the argument, also made by SFR, that if the HOA lien attached prior to the conservatorship, Plaintiffs cannot invoke the protection of the Federal Foreclosure Bar. *See Skylights*, 2015 WL 3887061, at *11; MTD at 11. Even if such liens attach before conservatorship, this does "not exempt lien-holders from the FHFA consent requirement," which is required "before FHFA's property is subject to their foreclosure." *Skylights*, 2015 WL 3887061, at *11.

*Finally*, Chief Judge Navarro necessarily rejected a bona fide purchaser argument, similar to the one advanced by SFR here, MTD at 10; Reply at 17, that the Federal Foreclosure Bar did

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10664743.1

3

1  not protect the Enterprises' property because purchasers had no notice that the Enterprises had an
2  interest in the property to which the purchasers' took title in an HOA sale or that FHFA had not
3  consented to the extinguishment of that interest. *See, e.g.*, Opp. to Mot. for Summ. J. at 4-9,
4  *Elmer*, No. 2:14-cv-01999-GMN-NJK (Dkt. 71).  In those cases where an Enterprise purchased a
5  loan prior to the HOA Sale, but had not yet been assigned the Deed of Trust in a recorded
6  instrument, the court held that those property interests were protected by the Federal Foreclosure
7  Bar.  *Elmer*, 2015 WL 4393051, at *1, 3; *Williston*, 2015 WL 4276144, at *1, 3; *Premier One*,
8  2015 WL 4276169, at *1, 3.

9  Plaintiffs request that the Court consider *Skylights*, *Elmer*, *Williston*, and *Premier One* in
10 deciding the pending motion to dismiss.

11 DATED this 27th day of July, 2015.

**WRIGHT, FINLAY & ZAK, LLP**

By: ___/s/ Dana Jonathon Nitz___
    Dana Jonathon Nitz, Esq. (SBN 0050)
    Chelsea A. Crowton, Esq. (SBN 11547)
    5532 South Fort Apache Rd., Suite 110
    Las Vegas, NV  89148
    Tel:  702-475-7964  Fax 702-946-1345
    dnitz@wrightlegal.net;
    ccrowton@wrightlegal.net

*Attorneys for Plaintiff Federal National Mortgage Association*

**FENNEMORE CRAIG, P.C.**

By: ___/s/   Leslie Bryan Hart___
    Leslie Bryan Hart, Esq. (SBN 4932)
    John D. Tennert, Esq. (SBN 11728)
    300 E. Second St., Suite 1510
    Reno, Nevada 89501
    Tel: 775-788-2228   Fax: 775-788-2229
    lhart@fclaw.com;  jtennert@fclaw.com

    and
ARNOLD & PORTER LLP
(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.

*Attorneys for Plaintiff Federal Housing Financing Agency*

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10664743.1

4

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 27th day of July, 2015, a true and correct copy of **PLAINTIFFS' NOTICE OF NEW AUTHORITIES,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Neil B Durrant ndurrant@weildrage.com

Jacqueline A. Gilbert jackie@hkimlaw.com

Jesse Panoff jesse@hkimlaw.com

Ryan T. O'Malley romalley@wrightlegal.net

      /s/ Pamela Carmon
Pamela Carmon

10664743.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

5