1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Federal National Mortgage Association, a
government-sponsored entity; Federal Housing
Finance Agency, as Conservator of Fannie Mae,

     Plaintiffs

v.

SFR Investments Pool 1, LLC, a Nevada LLC; Sun
City Aliante Community Association, a Nevada Non-
Profit Corporation; Does 1 through X, inclusive; and
Roe Corporations I through X, inclusive,

     Defendants

2:14-cv-02046-JAD-PAL

**Order Regarding
Motions to Dismiss and
Related Briefing**

[ECF 32, 35, 54, 56]

A year ago, the Nevada Supreme Court held in *SFR Investments Pool 1, LLC v. U.S. Bank*[1] that homeowners associations' nonjudicial foreclosures on superpriority liens under NRS 116.3116 extinguish lenders' first trust deeds. The decision made winners out of the investors who purchased the foreclosure properties and losers of the lenders whose interests were wiped out. Lenders promptly developed new arguments in hopes of reclaiming their lost assets.[2] This is one of more than a dozen cases in this district in which Fannie Mae and Freddie Mac seek to avoid the costly impact of the *SFR* decision on their portfolios of mortgages on foreclosure properties by invoking 12 U.S.C. § 4617(j)(3), which precludes foreclosure on these government-sponsored enterprises' assets while they remain under the conservatorship of the Federal Housing Finance Agency (FHFA).

The purchaser who bought at foreclosure the Sun City Aliante home on which this case is based moves to dismiss Fannie Mae's and the FHFA's quiet-title and declaratory-relief claims against it, offering a handful of reasons that the foreclosure bar should not apply.[3] This district's

---

[1] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[2] *See Freedom Mortgage Corp. v. Las Vegas Dev. Group, LLC*, __ F. Supp.3d __, 2015 WL 2398402 (D. Nev. May 19, 2015).

[3] ECF 41.

1   Chief Judge Gloria Navarro rejected the same arguments in *Skylights, LLC v. Byron*[4] and held that

2   § 4617(j)(3) preempted NRS 116.3116 to the extent it would have extinguished Fannie Mae's first-

3   trust-deed interest through the HOA's foreclosure of its superpriority lien.  I adopt Chief Judge

4   Navarro's *Skylights* reasoning and deny the defendant purchaser's motion to dismiss based on its §

5   4617(j)(3) arguments; I grant the motion only to the extent it seeks to dismiss plaintiffs' claims

6   against fictitious defendants—a request that plaintiffs do not oppose.[5]

7          The HOA separately argues that the FHFA's and Fannie Mae's wrongful-foreclosure claim

8   against it is barred because these plaintiffs bypassed the mandatory mediation process that Nevada

9   law requires before a lawsuit over the HOA's covenants, codes, and restrictions (CC&Rs) can be

10  filed.  Because the single claim against the HOA is based on a violation of 12 U.S.C. § 4617(j) and

11  does not implicate any of the HOA's CC&Rs, I deny the HOA's motion.

12                                          **Background**

13         When this Sun City Aliante home located at 7445 Crested Quail Street in Las Vegas, Nevada

14  became a casualty of the housing crash, it was encumbered by a first trust deed held by Fannie Mae

15  since December 1, 2006.[6]  Under the *SFR* decision, the Sun City Aliante Community Association's

16  (the HOA's) nonjudicial foreclosure on its superpriority lien against the property on August 5, 2013,

17

18

19    [4] *Skylights, LLC v. Byron*, ___ F. Supp. 3d ___, 2015 WL 3887061 (D. Nev., June 24, 2015).

20    [5] ECF 48 at 19.

21
      [6] ECF 1 at 4 (alleging that Fannie Mae purchased the mortgage in December 2006 and that notice of
22    Fannie Mae's interest was recorded on or about June 28, 2011).  The facts in this section were taken
      from the complaint and not intended as any finding of fact.  I accept all well-pleaded facts in the
23    complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. *Livid
      Holdings Ltd. v. Salomon Smith Barney, Inc.,* 416 F.3d 940, 946 (9th Cir. 2005).  I also take judicial
24    notice of filings in other matters and of other publicly filed documents to the extent they are related
25    to this one and were relied upon by Chief Judge Navarro in *Skylights*.  Finally, I consider the
      documents attached to the complaint without converting these motions to dismiss into motions for
26    summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may,
      however, consider certain materials—documents attached to the complaint, documents incorporated
27    by reference in the complaint, or matters of judicial notice—without converting the motion to
28    dismiss into a motion for summary judgment.").

would extinguish the first trust deed.[7]  But Fannie Mae—with its conservator the FHFA—challenges that foreclosure as a violation of 12 U.S.C. § 4617(j)(3), which states that "[n]o property of [FHFA] shall be subject to . . . . foreclosure, or sale without the consent of" the FHFA.[8]  Fannie Mae and the FHFA sue SFR for quiet title and a declaration that Fannie Mae's first-position deed of trust "still encumbers the Property" and was not extinguished by the HOA's August 2013, foreclosure sale of its lien against the property.[9]  They also sue the HOA for wrongful foreclosure on the basis that the HOA failed to obtain the FHFA's consent under § 4617(j)(3) before conducting its sale.[10]  The FHFA alleges that it did not consent to the HOA's sale extinguishing or foreclosing Fannie Mae's first-position lien on the property.[11]

SFR Investments Pool 1—the victor in the Nevada Supreme Court's *SFR* case and the investor who also bought this Sun City Aliante home at the 2013 foreclosure sale—moves to dismiss the quiet-title and declaratory-relief claims against it.[12]  It argues that applying § 4617(j)(3) in this case would deprive it of its right to its property without due process of law;[13] that the FHFA is going beyond its statutory powers by invoking § 4617(j)(3);[14] that § 4617(j)(3) has no application to the foreclosures of private liens;[15] and that the HOA lien attached before the FHFA's conservatorship

---

[7] ECF 1 at ¶ 31; *SFR*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

[8] ECF 1 at 7–8.

[9] *Id.*

[10] ECF 1 at 8.

[11] *Id.* at ¶ 34.

[12] ECF 32.

[13] *Id.* at 4–9; *see also Skylights*, 2015 WL 3887061 at *7 & n.4.

[14] *Id.* at 9; *see also Skylights*, 2015 WL 3887061 at *11.

[15] ECF 32 at 10–11; *see also Skylights*, 2015 WL 3887061 at *8.

1  began, precluding the application of § 4617(j)(3).[16]  All of these arguments were considered and

2  rejected by Chief Judge Navarro in *Skylights* and in a handful of other cases in this district in which

3  the FHFA is raising § 4617(j)(3) to preclude Fannie Mae and Freddie Mac from losing their security

4  interests in these foreclosure properties.[17]  The HOA joins in the motion without further elaboration

5  on the purchaser's arguments[18] and separately moves to dismiss because Fannie Mae and the FHFA

6  did not exhaust the mandatory mediation process under NRS 38.310 for claims relating to "[t]he

7  interpretation, application or enforcement of any covenants, conditions or restrictions . . . adopted by

8  an association" before filing their wrongful-foreclosure claim against the HOA.[19]

9  . . .

10

11

12

13

14

---

15  [16] ECF 32 at 11; *see also Skylights*, 2015 WL 3887061 at *11.  In its reply brief, the purchaser adds

16  two new arguments: that the foreclosure bar does not automatically preempt contrary state law
   because the statute allows the FHFA to consent to the foreclosure, ECF 48 at 12–13, and that the

17  FHFA failed to refute its argument that the FHFA deprived the HOA of property without due process
   of law.  ECF 48 at 19.  These belated arguments generated the FHFA's motion for leave to file a

18  surreply to address them (ECF 54) and the purchasers' motion to strike the proposed surreply (ECF

19  56).  I note that the purchaser did not argue in its motion to dismiss that § 4617(j)(3) deprives *the
   HOA* of due process; I exercise my discretion to not consider these new arguments because they were

20  raised too late, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court has discretion
   to ignore new arguments raised in reply brief); and I deny both post-briefing motions.

21

22  [17] *See supra* notes 13–16; *see also 1597 Ashfield Valley Trust v. Fed. Nat. Mortgage Ass'n Sys.*, 2015
   WL 4581220, at *7 (D. Nev. July 28, 2015) ("Unless FHFA consents, HOA superpriority foreclosure

23  sales are incapable of extinguishing property interests held by Fannie Mae while under FHFA
   conservatorship."); *accord*, *My Global Vill., LLC v. Fed. Nat. Mortgage Ass'n*, 2015 WL 4523501,

24  at *4 (D. Nev. July 27, 2015); *Premier One Holdings, Inc. v. Fed. Nat. Mortgage Ass'n*, 2015 WL
   4276169, at *3 (D. Nev. July 13, 2015); *Williston Inv. Grp., LLC v. JP Morgan Chase Bank Nat.*

25  *Ass'n*, 2015 WL 4276144, at *3 (D. Nev. July 13, 2015); *Elmer v. JP Morgan Chase Bank Nat.*

26  *Ass'n*, 2015 WL 4393051, at *3 (D. Nev. July 13, 2015).

27  [18] ECF 34.

28  [19] ECF 35.

1

**Discussion**

2

**A.     SFR Investments Pool 1 has not shown that the FHFA's and Fannie Mae's invocation of**

3        **§ 4617(j)(3) is legally unsound.**

4        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.[20]  A

5    complaint should be dismissed under this rule only when it lacks "a cognizable legal theory or

6    sufficient facts to support a cognizable legal theory."[21]  The purchaser argues that Fannie Mae's and

7    the FHFA's claims are "facially implausible" and must be dismissed under Rule 12(b)(6) because

8    these plaintiffs' invocation of § 4617(j)(3)'s foreclosure bar is legally unsound.[22]

9        The purchaser's legal challenge is based almost entirely on the identical arguments raised by

10   the investor in *Skylights*.[23]  In that case, Skylights—the investor who purchased a condominium at

11   the HOA's nonjudicial foreclosure sale—sued the other parties it believed may claim an interest in

12   the property (including Fannie Mae), seeking a declaration that it took title free and clear of any other

13   interest.[24]  The FHFA intervened and, together, Fannie Mae and the FHFA moved for summary

14   judgment, arguing that "Skylights could not have extinguished Fannie Mae's" first-trust-deed interest

15   when it purchased the property at the HOA's foreclosure sale because § 4617(j)(3) "barred the HOA

16   from foreclosing on the Property without the consent of the conservator, FHFA."[25]

17       In opposing the motion, Skylights offered the same arguments that the purchaser in the

18   instant case now raises as the bases for its motion to dismiss.[26]  Chief Judge Navarro carefully

19

20   [20] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

21   [21] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

22   [22] ECF 32 at 2.

23

24   [23] *Skylights* was identified by the plaintiffs as a case related to this one because both cases present
     "an identical question of federal law concerning quiet title claims made by and against FHFA, Fannie
25   Mae, and" Freddie Mac.  ECF 39 at 2.

26   [24] *Skylights*, 2015 WL 3887061, *3.

27   [25] *Id*. at *4.

28   [26] *Id*. at *4–11.

1   considered and rejected all of them, concluding that § 4617(j)(3)'s federal foreclosure bar prevents

2   Nevada's superpriority lien statute from extinguishing the interest of Fannie Mae or Freddie Mac

3   without the FHFA's consent:

4           12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116
            to the extent that a homeowner association's foreclosure of its super-
5           priority lien cannot extinguish a property interest of Fannie Mae or
            Freddie Mac while those entities are under FHFA's conservatorship.
6           Accordingly, the HOA's foreclosure sale of its super-priority interest
            on the Property did not extinguish Fannie Mae's interest in the
7           Property secured by the Deed of Trust or convey the Property free and
            [clear] to Skylights.[27]

8

9   I adopt Chief Judge Navarro's conclusion and the analysis she articulated in *Skylights* to reject the

10  purchaser's same dismissal arguments here.

11          The only argument that the purchaser offers beyond those in *Skylights* is that it was a bona

12  fide purchaser of the property who took the property free and clear of Fannie Mae's first-trust-deed

13  interest.[28] Even assuming without deciding that Nevada's BFP statutes could override § 4617(j)(3),

14  this supplemental argument does not carry the day. As the purchaser acknowledges in its motion, "a

15  purchaser is a BFP if she buys property for value and without notice of a superior or competing

16  interest."[29] The facts pled in the complaint prevent the conclusion that the purchaser bought this

17  property without notice of Fannie Mae's interest. Nevada law provides that every document

18  recorded in a county recorder's office gives notice to all persons upon recordation.[30] A document

19  reflecting the assignment of this deed of trust to Fannie Mae was recorded in Nevada's Clark County

20  Recorder's office on June 28, 2011—more than two years before this foreclosure action.[31] The 2011

21  recording of Fannie Mae's assignment of the deed of trust put the purchaser on constructive notice of

22

23  _____

24  [27] *Id.* at *12.

25  [28] ECF at 10.

26  [29] *Id.*

27  [30] Nev. Rev. Stat. § 247.190(1).

28  [31] ECF 1-5 at 2.

1  Fannie Mae's interest[32] and prevents the purchaser from claiming BFP status in this case.

2       The preclusive effect of 12 U.S.C. § 4617(j)(3) plus the purchaser's record notice of Fannie

3  Mae's interest the property may have put the purchaser on inquiry notice to investigate the FHFA's

4  position.[33]  Whether the purchaser had—and satisfied—a duty to investigate are not questions I must

5  answer at this dismissal stage, however, because the purchaser has at most shown there are issues of

6  fact as to whether it would qualify for BFP status.[34]

7       The purchaser has not demonstrated that Fannie Mae's and the FHFA's claims are

8  "implausible" because it is a BFP or for any other reason.  SFR Investments Pool 1's motion to

9  dismiss based on the implausibility of the plaintiffs' § 4617(j)(3) theory is denied.

10  **B.**     **Claims against Doe and Roe defendants will be dismissed.**

11       The purchaser also contends that the FHFA's and Fannie Mae's inclusion of claims against

12  Doe and Roe Corporation defendants is not authorized, so the claims against these fictitious

13  defendants should be dismissed.[35]  The plaintiffs offer no response to this argument, and I do not see

14  any allegation against a doe or roe defendant that justifies keeping these defendants in this case.

15  Accordingly, to streamline the pleadings and because it appears the plaintiffs have tacitly conceded

16  that fictitious defendants are unnecessary to their claims, I grant the purchaser's motion in this

17  limited respect and dismiss any claims asserted against Does I through X and Roe Corporations I

18  through X.

19  **C.**     **Plaintiffs' wrongful-foreclosure claim against the HOA is not barred by NRS 38.310.**

20       The HOA relies on Rule 12(b)(1) to argue that this court lacks jurisdiction to hear the

21  wrongful foreclosure claim against it because Fannie Mae and the FHFA failed to exhaust the

22  

---

23  [32] *See, e.g., Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 669 (Nev. 1970) ("A subsequent

24  purchaser with notice, actual or constructive, of an interest in the land superior to that which he is purchasing is not a purchaser in good faith, and not entitled to the protection of the recording act.").

25  [33] *See Berge v. Fredericks*, 591 P.2d 246, 249 (1979); *see also Tai-Si Kim v. Kearney*, 838 F.

26  Supp.2d 1077, 1088 (D. Nev. 2012) (discussing *Berge* and the duties that arise from inquiry notice).

27  [34] *Berge*, 591 P.2d at 249.

28  [35] ECF 32 at 11.

1  mandatory mediation process that NRS 38.310 requires before a lawsuit regarding an HOA's

2  CC&Rs may be filed.[36]   The failure to exhaust a statutory administrative process prevents a court

3  from acquiring subject-matter jurisdiction over an unexhausted claim "where the exhaustion statute

4  explicitly limits the grant of subject matter jurisdiction and is an integral part of the statute granting

5  jurisdiction."[37]  NRS 38.310 prevents the commencement of any "civil action based upon a claim

6  relating to (a) The interpretation, application or enforcement of any covenants, conditions or

7  restrictions applicable to residential property or any bylaws, rules or regulations adopted by an

8  association; or (b) The procedures used for increasing, decreasing or imposing additional

9  assessments upon residential property, . . .  unless the action has been submitted to mediation . . . ."[38]

10  As the Nevada Supreme Court explained in *Hamm v. Arrowcreek Homeowners' Association*, "If a

11  party institutes a civil action in violation of NRS 38.310(1), the district court must dismiss it" under

12  NRS 38.310(2).[39]

13      Assuming this Nevada statute could dictate federal-court jurisdiction, the success of the

14  HOA's motion hinges on whether this wrongful-foreclosure claim falls within the category of claims

15  that the Nevada legislature intended for mediation before the Real Estate Division of Nevada's

16  Department of Business and Industry.[40]   The HOA argues that the Nevada Supreme Court held in

17  *McKnight Family, LLP v. Adept Management* that wrongful foreclosure actions are disputes

18  involving the "interpretation, application or enforcement" of an HOA's CC&Rs; the claim against

19  them is one for wrongful foreclosure; *a fortiori*, this wrongful foreclosure claim by the FHFA and

20

21

22

23  [36] ECF 35 at 3–4.

24  [37] *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 979 (9th Cir. 2002).

25  [38] Nev. Rev. Stat. § 38.310.

26  [39] *Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 900 (Nev. 2008); *McKnight Family, LLP
27  v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013) (the statute's language "mandates the court to
    dismiss any civil action initiation in violation of NRS 38.310(1)").

28  [40] Nev. Rev. Stat. §§ 38.300(4); 38.320(1).

1   Fannie Mae had to be mediated under NRS 38.310 before it could be filed.[41]  This too-simple

2   syllogism overlooks the purpose of NRS 38.310: to foster "Nevada's public policy favoring

3   arbitration of disputes involving the interpretation and enforcement of CC&Rs."[42]  It also ignores the

4   nature of *this* wrongful foreclosure claim, which is founded solely on the HOA's disregard for §

5   4617(j)(3) and will not require the interpretation, enforcement, or application of any CC&R

6   provision.[43]  Although the Nevada Supreme Court in *McKnight* broadly noted that "deciding a

7   wrongful foreclosure claim against a homeowner's association involves interpreting covenants,

8   conditions, or restrictions applicable to residential property" and "challenges the authority behind the

9   foreclosure, not the foreclosure itself," these conventions do not apply to this wrongful-foreclosure

10   claim.

11       In sum, the wrongful-foreclosure claim pled here is not a "civil action based upon a claim

12   relating to (a) The interpretation, application or enforcement of any covenants, conditions or

13   restrictions applicable to residential property or any bylaws, rules or regulations adopted by an

14   association; or (b) The procedures used for increasing, decreasing or imposing additional

15   assessments upon residential property,"[44] so the FHFA and Fannie Mae were not required to exhaust

16   the mediation process under Chapter 38 before filing it.  The HOA's motion to dismiss [ECF 35] is

17   denied.

18                                  **Conclusion**

19       Accordingly, IT IS THEREFORE ORDERED that SFR Investments Pool 1, LLC's Motion to

20   Dismiss Complaint **[ECF 32] is GRANTED IN PART AND DENIED IN PART: the claims**

21   **against doe and roe defendants are dismissed; the motion is denied in all other respects;**

22       IT IS FURTHER ORDERED that Sun City Aliante Community Association's Motion to

23   

─────────────

24   [41] ECF 35 at 5.

25   [42] *Hamm*, 183 P.3d at 902.

26   [43] That this case turns on the applicability and interpretation of 12 U.S.C. § 4617(j)(3) and not any

27   CC&R provision is also patently evident from the purchaser's motion to dismiss.  *See* ECF 32.

28   [44] Nev. Rev. Stat. § 38.310(1).

Dismiss Complaint **[ECF 35] is DENIED**;

      IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File a Surreply in Opposition to SFR's Motion to Dismiss **[ECF 54] and** SFR Investments Pool 1, LLC's Motion to Strike Plaintiffs' Proposed Surreply **[ECF 56] are DENIED**.

      Dated this 28th day of September, 2015

                                     _____

                              Jennifer A. Dorsey
                              United States District Judge