**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Federal National Mortgage Association, a government-sponsored entity; Federal Housing Finance Agency, as Conservator of Fannie Mae, | 2:14-cv-02046-JAD-PAL |
| Plaintiffs | |
| v. | **Order Overruling Objections to Magistrate Judge's Order Compelling Discovery, and Order Directing Renewed Briefing on Summary-Judgment Issues** |
| SFR Investments Pool 1, LLC, a Nevada LLC; Sun City Aliante Community Association, a Nevada Non-Profit Corporation; Does 1 through X, inclusive; and Roe Corporations I through X, inclusive, | [ECF 69, 91, 97, 98, 105] |
| Defendants | |

Fannie Mae and its conservator the Federal Housing Finance Agency bring this action to invoke the federal foreclosure bar (12 U.S.C. § 4617(j)(3)) and avoid the costly effects of an HOA non-judicial foreclosure—and the Nevada Supreme Court's conclusion that such foreclosure extinguishes first-trust-deed interests[1]—on one of the mortgages in Fannie Mae's Nevada portfolio.[2] Last September, I denied a motion to dismiss brought by SFR Investments Pool 1, LLC, the investor who purchased the property at the foreclosure, and I held that § 4617(j)(3) prevents Nevada's superpriority-lien statute from extinguishing the interest of Fannie Mae or Freddie Mac without the FHFA's consent.[3]

Fannie Mae and the FHFA then moved for summary judgment against SFR and dismissed

---

[1] *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 410 (Nev. 2014), *reh'g denied* (Oct. 16, 2014) (interpreting and analyzing Nevada's superpriority lien statute, Nev. Rev. Stat. § 116.3116).

[2] ECF 1.

[3] ECF 64 at 6 (adopting Chief Judge Navarro's discussion in *Skylights, LLC v. Byron*, 112 F. Supp.3d 1145 (D. Nev. 2015)).

their claims against the HOA.[4]  SFR filed an opposition[5] and separate motions for judicial notice and for relief under FRCP 56(d).[6]

The parties then fought out two discovery issues: (1) whether Fannie Mae and the FHFA's responses to SFR's written discovery requests were sufficient and (2) whether Fannie Mae Assistant Vice President John Curcio—whose declaration was submitted in support of the summary-judgment motion—must submit to deposition.[7]  Magistrate Judge Leen resolved these issues in a January 12, 2016, hearing[8] and ordered the plaintiffs to supplement a single interrogatory response and produce Curcio for deposition on "the supporting bases for [his] affidavit" only.[9]  The plaintiffs object that the discovery that Magistrate Judge Leen compelled is irrelevant and premature, and they ask me to vacate and stay her order.[10]

Having thoughtfully reviewed the record,[11] I overrule the plaintiffs' objections and deny their request to vacate Magistrate Judge Leen's order.  I also take this opportunity to streamline the summary-judgment filings.  What should have been a three-docket-entry briefing process has already yielded thirteen entries and a still-evolving record that makes it difficult for me to even determine what the current summary-judgment issues are.  Accordingly, I deny all of the current summary-judgment related motions and requests without prejudice and with detailed instructions for renewed briefing.

---

[4] ECF 69, 72, 75.

[5] ECF 86, 90 (erratum to ECF 86).

[6] ECF 88, 91.

[7] ECF 92.

[8] ECF 93 (transcript), 94 (minutes).

[9] ECF 93 at 12:19–13:9.

[10] ECF 97, 98.  SFR responds at ECF 102.

[11] Including all relevant briefing and the minutes and transcript from the December 15, 2015 (ECF 83, 85), and January 12, 2016 (ECF 93, 94), hearings.

1

**Discussion**

2

**A.      Fannie Mae and the FHFA's objections to Magistrate Judge Leen's January 12, 2016,**
3          **order compelling limited discovery.**

4          A magistrate judge's discovery order may be modified or set aside if it is "clearly erroneous

5   or contrary to law."[12]  "The reviewing court may not simply substitute its judgment for that of the

6   deciding court."[13]  The clear-error standard allows the district court to overturn a magistrate judge's

7   factual determinations only if the court reaches a "definite and firm conviction that a mistake has

8   been committed."[14]  Although a magistrate's legal conclusions are reviewed de novo to determine

9   whether they are contrary to law,[15] a district court reviews a magistrate judge's determination of

10  discovery relevance "with an eye toward the broad standard of relevance in the discovery context.

11  Thus, the standard of review in most instances is not the explicit statutory language, but the clearly

12  implicit standard of abuse of discretion."[16]  In this context, a magistrate judge abuses her discretion

13  "only when [her] decision is based on an erroneous conclusion of law or where the record contains

14  no evidence on which [s]he rationally could have based that decision."[17]

15  _____

16  [12] Fed. R. Civ. P. 72(a); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002);  28 U.S.C. §
    636(b)(1)(A).
17

18  [13] *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

19  [14] *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014
    (9th Cir. 1997) (quoting *Exxon Co. v. Sofec Inc.*, 54 F.3d 570, 576 (9th Cir. 1995)).
20

21  [15] *Burdick v. C.I.R.*, 979 F.2d 1369, 1371 (9th Cir. 1992).

22  [16] *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D.Cal. 1987).  Despite the
    recent amendments to Rule 26, discovery relevance remains a broad concept.  *See* Fed. R. Civ. P.
23  26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
    party's claim or defense and proportional to the needs of the case, considering the importance of the
24  issues at stake in the action, the amount in controversy, the parties' relative access to relevant
    information, the parties' resources, the importance of the discovery in resolving the issues, and
25  whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information
    within this scope of discovery need not be admissible in evidence to be discoverable."); *see also* Fed.
26  R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (explaining why the "reasonably
27  calculated" phrase was excised).

28  [17] *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975).

The scope of Magistrate Judge Leen's order is extremely narrow.  She compelled the plaintiffs only to "provide a yes or no answer" to a single interrogatory question and allowed SFR to depose Curcio for up to two hours on the limited topic of "the supporting bases for" his affidavit on which the plaintiffs' own motion for summary judgment relies.[18]  I find that plaintiffs' claims that the ordered discovery "is irrelevant" and "disproportionate to the needs of this case" are simply hyperbole.  Fannie Mae and the FHFA have not persuaded me that the record contains no evidence on which Magistrate Judge Leen rationally could have based her decision, and I am left without a definite and firm conviction that a mistake has been committed.  I thus overrule the plaintiffs' objections and deny their motions to vacate the order and stay the compelled discovery.[19]

**B.  The parties are directed to refile their summary-judgment briefing in a more streamlined format.**

Plaintiffs' motion for summary judgment has spawned twelve docket entries that include two errata, a separate motion for relief under FRCP 56(d), two requests for judicial notice, and a motion to supplement the filings in light of the ongoing discovery.[20]  This does not even count the dozens of exhibits attached to these filings.  The net result is that SFR has offered a collective 87 pages[21] of briefing[22] in a multi-part opposition to the motion for summary judgment to which 36 changes[23] have been made by erratum, and an evidentiary record that continues to evolve.  It would be a waste of

---

[18] ECF 97 at 12–13.

[19] ECF 97.  I also deny their emergency motion to stay that order.  ECF 98.  I find it without merit in light of my overruling the plaintiffs' objections, and I deny it on that basis.  I also note that the motion to stay has been mooted by the fact that the plaintiffs complied with the order and provided the compelled discovery while the motion to stay was pending.  *See* ECF 102 at 2 ("Mr. Curcio's deposition occurred on February 1, 2016, and Plaintiffs recently responded to the interrogatory.").

[20] ECF 69–70, 86–91, 95–96, 101, 104–105.

[21] Local Rule 7-4 limits summary-judgment oppositions to 30 pages.

[22] ECF 86 (response), 88 (request for judicial notice), 90 (erratum), 94 (request for FRCP 56(d) relief), 105 (motion to supplement).

[23] ECF 90.

1  judicial resources—and a disservice to the other litigants awaiting decisions on their pending

2  motions—for me to take the time necessary to untangle this mess, track what remains at issue, and

3  draft a reasoned decision on the arguments presented.

4  It is well established that the district courts have the inherent power to control their dockets

5  and manage their affairs; that includes the power to strike or deny motions to streamline motion

6  practice and promote judicial efficiency.[24]  In light of this fractured and unnecessarily lengthy

7  approach to summary-judgment briefing that has occurred, coupled with the continually evolving

8  state of the record, I find that the most judicially economical way to manage this situation is to

9  exercise my inherent power to manage the docket, deny without prejudice and disregard the pending

10  summary-judgment filings, and provide clear instructions for the renewed briefing.  Accordingly,

11  Plaintiffs' Motion for Summary Judgment [ECF 69] and Request for Judicial Notice [ECF 70], and

12  SFR Investments Pool 1, LLC's Request for Judicial Notice [ECF 88], Motion for FRCP 56(d)

13  Relief [ECF 91] and Motion to Supplement the Record [ECF 105] are denied without prejudice, and

14  all related filings are disregarded.

15  Plaintiffs have until March 11, 2016, to file a renewed motion for summary judgment.  Once

16  plaintiffs file their renewed motion, briefing will proceed under the schedule provided by Local Rule

17  7-2.  No supplemental briefing will be entertained.

18  When preparing and submitting the renewed briefing, the parties must follow these

19  instructions:

20  • Requests for judicial notice and to delay summary judgment under FRCP 56(d)[25]

21  should be contained within the summary-judgment briefs themselves—not framed as

22

23

24  [24] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010).

25  [25] *See* 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 56 ("No formal 'Rule 56(d)

26  motion' is required. . . . The text of Rule 56(d) makes clear that a party may simply submit a qualifying 'Rule 56(d) affidavit' along with its response to the motion.").  Because the parties'

27  requests for judicial notice and 56(d) delay are components of the parties' summary-judgment arguments, Special Order 109 does not require them to be urged in separate motions.  And the

28  juridical notice and Rule 56(d) requests should not be mentioned in the title to the motions, responses, or replies.

separate motions or requests—because, here, they are essential components of the parties' summary-judgment arguments.  This means that the argument section of plaintiffs' motion for summary judgment should include any request for judicial notice, and SFR's argument in response should include its request for judicial notice, any FRCP 56(d) argument, and any currently available evidence that SFR deems relevant.

• The page limits in Local Rule 7-4 of course apply.

• Any supporting affidavits or declarations must be filed with the motion, response, or reply as exhibits; they should not be filed as separate documents.

• The parties must heed local rule 10-3(a)'s admonition that exhibits must not be "unnecessarily voluminous."

• Courtesy copies of these filings must be delivered to chambers.[26]

### Conclusion

Accordingly, IT IS THEREFORE ORDERED that **Plaintiffs' Objection to the Magistrate Judge's January 12, 2016, Minute Order [ECF 97] is OVERRULED**, and their request to vacate that order is DENIED;

IT IS FURTHER ORDERED that **Plaintiffs' Emergency Motion to Stay the Magistrate Judge's January 12, 2016, Minute Order Pending Resolution of Plaintiffs' Objection [ECF 98] is DENIED**;

IT IS FURTHER ORDERED that:

• **Plaintiffs' Motion for Summary Judgment [ECF 69];**

• **Plaintiffs' Request for Judicial Notice [ECF 70];**

• **SFR Investments Pool 1, LLC's Request for Judicial Notice [ECF 88];**

• **SFR Investments Pool 1, LLC's Motion for FRCP 56(d) Relief [ECF 91]; and**

• **SFR Investments Pool 1, LLC's Motion to Supplement the Record [ECF 105]**

---

[26] Courtesy copies should be delivered in three-ring binders, printed double sided, and with exhibits tabbed.

**are DENIED without prejudice** to the filing of new briefing with the limitations set forth above. Plaintiffs have until March 11, 2016, to file a renewed motion for summary judgment that complies with the limitations above.  After that, the briefing schedule will proceed under Local Rule 7-2.

Dated this 25th day of February, 2016

_____
Jennifer A. Dorsey
United States District Judge