# EXHIBIT E

Ex. E

❊AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

for the      DISTRICT OF      Nevada

Fed. Nat'l Mortg. Ass'n

v.

SFR Investments Pool 1, LLC

**EXHIBIT AND WITNESS LIST**

Case Number: 2:14-cv-02046-JAD-PAL

| PRESIDING JUDGE<br>Judge Dorsey | | | PLAINTIFF'S ATTORNEY<br>Arnold & Porter; Wright Finlay & Zak | | DEFENDANT'S ATTORNEY<br>Kim Gilbert Ebron |
|---|---|---|---|---|---|
| TRIAL DATE (S)<br>N/A (Exhibit E to Mot. for Summ. J.) | | | COURT REPORTER<br>N/A | | COURTROOM DEPUTY<br>N/A |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
| | E | 3/11/2016 | N/A | N/A | FHFA's Initial Responses to SFR's Interrogatories |
| | | | | | The interrogatory respones were signed by FHFA's attorney on December 14, 2015 |
| | | | | | The interrogatory responses were verified by Frank R. Wright, Esq. on December 14, 2015 |

\* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of    1    Pages

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert III, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel.: 775-788-2228   Fax: 775-788-2229
*lhart@fclaw.com*; *jtennert@fclaw.com*

(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel.: (202) 942-5000   Fax: (202) 942-5999
*Asim.Varma@aporter.com; Howard.Cayne@aporter.com;
Michael.Johnson@aporter.com*
Attorneys for Plaintiff Federal Housing Finance Agency

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government-sponsored entity; FEDERAL HOUSING FINANCE AGENCY, as Conservator of Fannie Mae,<br><br>Plaintiffs,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada Limited Liability Company; SUN CITY ALIANTE COMMUNITY ASSOCAITION, a Nevada Non-Profit Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:14:cv-02046-JAD-PAL<br><br>**INTERVENOR FEDERAL HOUSING FINANCE AGENCY'S RESPONSES TO SFR INVESTMENTS POOL 1, LLC'S INTERROGATORIES** |

Federal Housing Finance Agency ("FHFA") solely in its capacity as Conservator of Federal National Mortgage Association ("Fannie Mae") hereby submits these responses to SFR Investments Pool 1, LLC's ("SFR") Requests for Answers to Interrogatories ("Interrogatories") dated November 17, 2015.

- 1 -

11132978.1

## GENERAL OBJECTIONS

FHFA objects generally to the Interrogatories on the following grounds, each of which is incorporated by reference in the responses to the individual Interrogatories below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1. FHFA generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they are directed to FHFA in its capacity of Regulator of Fannie Mae or the Federal Home Loan Mortgage Corporation and does not understand any Interrogatory to seek information belonging to the Regulator.

2. FHFA generally objects to the Requests, including the Instructions and Definitions, pending resolution of FHFA and Fannie Mae's Motion to Stay Discovery. See ECF 44.

3. FHFA generally objects to the Requests, including the Instructions and Definitions, to the extent they seek information protected by the bank examination or deliberative process privilege.

4. FHFA generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any Interrogatory, or to impose any obligations on FHFA's responses in excess of or in conflict with those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Nevada ("Local Rules"), and applicable law.

5. FHFA generally objects to the Interrogatories, including the Instructions and Definitions, to the extent the information sought is protected by the attorney-client privilege or the attorney work product doctrine, or is otherwise privileged and/or immune from discovery. This objection includes, but it not limited to, information that SFR seeks regarding communications between FHFA and FHFA's attorneys made during or in anticipation of litigation, and core and/or opinion work product of Fannie Mae's counsel contrary to

11132978.1

Fed. R. Civ. P. 26(b)(3). Any inadvertent disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection is not intended to constitute, and should not be considered as, a waiver of such privilege or protection.

6. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent they seek information outside FHFA's possession, custody, or control.

7. FHFA generally objects to the Interrogatories, including the Instructions and Definitions, to the extent they are overly broad and unduly burdensome because they call for production of "any" and/or "all" documents.

8. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent they are overly broad and unduly burdensome.

9. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent they are vague, ambiguous or redundant.

10. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent they are duplicative.

11. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent they seek legal conclusions.

12. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent the information requested is neither relevant to the claims or defenses of any party nor is proportional to the needs of the case.

13. FHFA objects to the Interrogatories, including the Instructions and Definitions, to the extent that they, or any portion of them, seek production of any information within the possession, custody, or control of SFR, or of publicly available information and/or documents such that the information and/or documents are obtainable from some other source that is more convenient, less burdensome or less expensive, or the production of the information will

- 3 -

11132978.1

impose undue burden, inconvenience, or expense upon Fannie Mae.

14. FHFA reserves all objections as to competency, relevance, materiality, privilege, or admissibility of all evidence proffered in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

15. FHFA generally objects to the requests to the extent they seek confidential and proprietary information, including private information of the borrower.

No incidental or implied admissions are intended in these responses. Nothing in these Responses should be taken as an admission that: (a) FHFA accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatories; or (b) documents or information responsive to that Interrogatories are in FHFA's possession, custody, or control; or (c) documents or information responsive to that Interrogatory exist. FHFA's responses to all or any part of an Interrogatory also are not intended to be, and shall not be, a waiver by FHFA of all or any part of any objection(s) to that Interrogatory.

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1:** State the name, address, occupation and relationship to the parties of each individual who provided the factual information needed to answer these interrogatories.

**Objections and Response:**

FHFA reasserts and incorporates each of the General Objections incorporated by reference above.

Subject to and without waiving the foregoing objections, the following individuals provided the factual information necessary to answer these Interrogatories: Frank Wright, Esq., Senior Counsel, Federal Housing Finance Agency, 400 7th St SW, Washington, DC, 20024.

**INTERROGATORY NO. 2:** Do any of your agents, employees, former agents or former employees possess any information, facts, writings or evidence that you intend to rely upon in demonstrating your alleged ownership interest in the Loan? If so, please identify each and every

- 4 -

11132978.1

item of information, fact, writing or evidence specifically and in detail, and in addition, identify the person or persons possessing such information by stating each person's name, address, title, and relationship to the parties herein.

**Objections and Response:**

FHFA reasserts and incorporates each of the General Objections incorporated by reference above. FHFA further objects to this Interrogatory as overly broad, unduly burdensome, and ambiguous to the extent it requests that FHFA "identify each and every item of information."

Subject to and without waiving the foregoing objections, legally sufficient information demonstrating FHFA's ownership interest has already been provided in connection with the briefing of Fannie Mae and FHFA's pending Motion for Summary Judgment. *See Skylights v. Byron*, No. 2:15-cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015). In support of that motion, Fannie Mae and FHFA submitted business records and a supporting affidavit signed by John Curcio, Assistant Vice President for Fannie Mae, that show Fannie Mae acquired its ownership interest on or about December 1, 2006. On September 6, 2008, FHFA's Director placed Fannie Mae into conservatorship. On that date, FHFA, as Conservator, succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

**INTERROGATORY NO. 3:** When a loan which Fannie Mae has been securitized, please describe what, if any, ownership interest you claim in such a loan.

**Objections and Response:**

FHFA reasserts and incorporates each of the General Objections incorporated by reference above. FHFA objects to this Interrogatory as overly broad to the extent it seeks information that is not relevant to any party's claims or defenses because the loan was not securitized at the time of the purported Association Foreclosure Sale.

Subject to and without waiving the foregoing objections, Fannie Mae had a protected property interest at the time of the purported Association Foreclosure Sale. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of

- 5 -

11132978.1

reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). On that date, FHFA, as Conservator, succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

**INTERROGATORY NO. 4:** Was the loan described in Exhibit A ever securitized or made part of a pool?

**Objections and Response:**

FHFA reasserts and incorporates each of the General Objections incorporated by reference above. FHFA further objects to this Interrogatory as overly broad because it seeks information not relevant to any party's claims and defenses.

Subject to and without waiving the foregoing objections, at the time of the purported Association Foreclosure Sale, the loan described in Exhibit A was not securitized and was not part of a pool.

**INTERROGATORY NO. 5:** If the answer to Interrogatory No. 4 is "yes," please provide the name of the pool or trust, the date on which it was placed in the pool or trust, and if the loan was ever removed from the pool or trust and identify all documents supporting these facts.

**Objections and Response:**

FHFA incorporates its General Objections and its Objection and Response to Interrogatory No. 4.

**INTERROGATORY NO. 6:** If your answer to Interrogatory No.4 is "no," please identify all documents supporting your answer showing that this loan has never been securitized or placed in a pool or trust.

**Objections and Response:**

FHFA incorporates its General Objections and its Objection and Response to Interrogatory No. 4. FHFA further objects to this Interrogatory on the grounds that it is vague and ambiguous to the extent it requests that FHFA identify all documents that show the "loan has never been securitized or placed in a pool or trust."

**INTERROGATORY NO. 7:** Please explain what is meant by the word "owned" as used by John Curcio in paragraph 4 of Exhibit A.

11132978.1

**Objections and Response:**

FHFA reasserts and incorporates each of the General Objections incorporated by reference above.

Subject to and without waiving the foregoing objections, the word "owned" as used by John Curcio in paragraph 4 of Exhibit A means that Fannie Mae, for consideration, acquired a property interest in the Note and the corresponding right to payment on the Note on or about December 1, 2006. When Fannie Mae acquired the Note it also acquired a property interest in the Deed of Trust, which secured Fannie Mae's right to payment. Fannie Mae never transferred its property interest in the Note and Deed of Trust to another party.

**INTERROGATORY NO. 8:** Please provide a detailed explanation of how you have an interest in the loan.

**Objections and Response:**

FHFA incorporates its General Objections and its Objection and Response to Interrogatory Nos. 3. Subject to and without waiving the foregoing objections and response, legally sufficient information demonstrating FHFA's ownership interest has already been provided in connection with the briefing of Fannie Mae and FHFA's pending Motion for Summary Judgment. *See Skylights v. Byron*, No. 2:15-cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015). In support of that motion, Fannie Mae and FHFA submitted business records and a supporting affidavit signed by John Curcio, Assistant Vice President for Fannie Mae, that show Fannie Mae acquired its ownership interest on or about December 1, 2006. On September 6, 2008, FHFA's Director placed Fannie Mae into conservatorship. On that date, FHFA, as Conservator, succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

**INTERROGATORY NO. 9:** For any response to the Requests for Admission, served concurrently herewith, which was not answered with an unconditional "admit," please fully explain the reason for your response to that Request for Admission.

- 7 -

11132978.1

1 **Objections and Response:**

2     **FHFA incorporates its General Objections and its Objections and Response to the**

3 **Requests for Admission.**

4     DATED this 14th day of December, 2015.

FENNEMORE CRAIG, P.C.

By: _/s/ Leslie Bryan Hart_
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

and

ARNOLD & PORTER LLP
(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.

Attorneys for Plaintiff Federal Housing
Financing Agency

- 8 -

11132978.1

## VERIFICATION FOR RESPONSES TO INTERROGATORIES

I declare under penalty of perjury that, to the best of my knowledge, the foregoing Responses to SFR Investments Pool 1, LLC's Interrogatories served in *Fannie Mae v. SFR*, No. 2:14-cv-02046-JAD-PAL, on November 17, 2015, are true and correct.

Frank R. Wright
Senior Counsel

December 14, 2015

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 14th day of December, 2015, a true and correct copy of **INTERVENOR FEDERAL HOUSING FINANCE AGENCY'S RESPONSES TO SFR INVESTMENTS POOL 1, LLC'S INTERROGATORIES,** was enclosed in a sealed envelope and delivered, as indicated below, to the following:

| | |
|---|---|
| Diana S. Cline Ebron, Esq.<br>Jacqueline A. Gilbert, Esq.<br>Jesse Panoff, Esq.<br>HOWARD KIM & ASSOCIATES<br>1055 Whitney Ranch Dr., Suite 110<br>Henderson, NV 89014<br>diana@hkimlaw.com, jackie@hkimlaw.com, jesse@hkimlaw.com | Dana Jonathon Nitz, Esq.<br>Chelsea A. Crowton, Esq.<br>WRIGHT, FINLAY & ZAK, LLP<br>7785 W. Sahara Ave., Suite 200<br>Las Vegas, NV 89117<br>dnitz@wrightlegal.net;<br>ccrowton@wrightlegal.net |

\_\_\_\_   Via First Class Mail, with postage pre-paid and deposited for mailing in Reno, Nevada

\_\_\_\_   Via Hand Delivery

\_\_\_\_   Via Facsimile

✓   Via Email and U.S. Mail with postage pre-paid and deposited for mailing in Reno, NV

\_\_\_\_   Via Facsimile and Hand Delivery

_/s/ Pamela Carmon_
Pamela Carmon

11132978.1